The decision below is signed as a decision of

the court.

Signed: June 05, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| In re | ) | |
|---|---|---|
| | ) | |
| SHIMBA HILLS COFFEE COMPANY, | ) | Case No. 07-00004 |
| INC., | ) | (Chapter 11) |
| | ) | **Not for Publication in** |
| Debtor. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION
<u>RE MOTION TO RECONSIDER DECISION TO MANDATE DEPOSIT OF $45,000</u>

At the hearing on the United States Trustee's motion to convert this case to a case under chapter 7, the court heard evidence establishing that the debtor's continued operations at a loss threatened the estate. Based on the debtor's statement that it would promptly cause $45,000 to be deposited into its debtor in possession account, the court agreed to continue the hearing on the motion to dismiss conditioned on that $45,000 being deposited and a monthly operating report being filed by a specified deadline, with the case to be converted to chapter 7 if the United States Trustee filed a praecipe noting any failure in that regard and requesting conversion of the case.

The debtor has filed as Motion to Reconsider Court's Order Mandating Deposit of $45,000 Into Debtor in Possession Account.

The motion was filed before the court entered an order directing the deposit of the $45,000. The motion seeks an order directing that the debtor shall cause $45,000 to be deposited with the escrow account of the debtor's attorneys and that the money in the escrow would then be distributed to fund whatever court-approved cure is required in the event that assumption of the debtor's lease with its landlord is approved. The debtor believes that it will be able to demonstrate that the rent owed its landlord does not include certain marketing charges, and that it will thus be able to assume the lease. In the event that assumption is denied, the $45,000 presumably would be returned to the debtor's principal who is the source of the $45,000. The debtor's principal does not wish to risk the $45,000 being lost by him in the event that the debtor's motion to assume is denied. This does not bespeak confidence in the debtor's motion to assume, and would allow the debtor's principal a risk-free bet on the outcome of that litigation.

The debtor's proposal does nothing to protect the estate with respect to continued losses being suffered by the estate, in the form of increasing administrative claims, should the debtor not prevail on its motion to assume its lease. Nothing would be available to cover the losses the estate is suffering in the interim should the debtor's motion to assume be denied.

A motion to reconsider seeking to restrict the use of the $45,000 for administrative expenses (but not for non-administrative claims), regardless of the outcome of the motion to assume, would be a different story.  That would protect against losses to the estate, by providing funds to cover such losses arising from increasing unpaid administrative claims, and thus meet the concern that prompted the court's decision to require a deposit of $45,000.  But the debtor has not suggested that its principal is willing to deposit $45,000 to cover administrative expenses in the case regardless of the outcome of the motion to assume the lease.

An order follows denying the debtor's motion.  The court will sign the United States Trustee's proposed order requiring a deposit of $45,000 and the filing of a monthly operating report.

                                          [Signed and dated above.]

Copies to: Lisa Dessel; Martha L. Davis, Trial Attorney, Office of the United States Trustee; Ronald M. Levin; Debtor.